IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVAN COLBERT FRAZIER § | |
| (TDCJ No. 889756), § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:17-cv-408-L-BN |
| § | |
| LORIE DAVIS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division,[1] § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ivan Colbert Frazier, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, raising two claims related to his October 2012 release to parole. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The Attorney General of Texas, on behalf of Respondent Lorie Davis, filed a response opposing relief, *see* Dkt. Nos. 14 & 15, and Fraizer filed a reply, *see* Dkt. No. 21.

The undersigned enters these findings of fact, conclusions of law, and

---

[1] Although Frazier has named as respondent the Texas Board of Pardon and Paroles, the Clerk is DIRECTED to substitute as respondent Lorie Davis, the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

recommendation that the Court should deny the habeas application.

## Applicable Background

In August 1999, a jury convicted Frazier of theft and found the enhancement paragraphs in the indictment to be true, and he was sentenced to 22 years of imprisonment. *See State v. Frazier*, No. 24117CR (40th Jud. Dist. Ct., Ellis Cty., Tex.); Dkt. No. 15-1 at 42-54.

On October 8, 2012, Frazier was released to parole subject to certain conditions, including that he register as a sex offender and participate in the Sex Offender Treatment Program. *See* Dkt. No. 15-1 at 55-57. He registered as a sex offender on October 1, 2012. *See id.* at 58-62. And, in June 2016, a pre-revocation arrest warrant was issued and executed. *See id.* at 65.

Frazier filed a state habeas petition raising the two claims now before this Court no sooner than November 18, 2016, the date he signed that application. *See id.* at 28-29. The Texas Court of Criminal Appeals (the "CCA") ultimately denied that petition without written order on January 25, 2017. *See Ex parte Frazier*, WR-06,344-21 (Tex. Crim. App. Jan. 25, 2017); Dkt. No. 15-1 at 3. And Frazier's Section 2254 petition was filed no sooner than February 8, 2017, the date he declares he placed it in the prison mailing system. *See* Dkt. No. 3 at 10.

## Legal Standards and Analysis

I. The State's requiring Frazier to register as a sex offender and participate in the <u>Sex Offender Treatment Program as conditions of his parole</u>.

Frazier first claims that he was improperly required to register as a sex offender

-2-

as a condition of his release to parole in October 2012. *See* Dkt. No. 3 at 6.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). And the United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

As to Frazier's first claim, the only possible limitations provision that could apply is Section 2244(d)(1)(D), the factual-predicate provision. *See, e.g., Sifuentes v. Davis*, No. SA-17-CA-240-XR, 2017 WL 2063010, at *1 (W.D. Tex. May 12, 2017) ("Because Petitioner's first claim is challenging the imposition of certain special conditions on his parole, the proper inquiry is to determine when Petitioner could have discovered, through the exercise of due diligence, that he would be subjected to the conditions.").

As the Court has noted in the context of the federal analogue to Section

2244(d)(1)(D), "in determining whether [28 U.S.C.] § 2255(f)(4) should be applied, the relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." *Milam v. United States*, No. 3:14-cv-1924-L-BN, 2015 WL 5896025, at *4 (N.D. Tex. July 30, 2015) (citations omitted), *rec. accepted*, 2015 WL 5896121 (N.D. Tex. Oct. 6, 2015); *cf. Wilder v. United States*, Civ. A. No. 10-0997 & Crim. No. 03-72, 2011 WL 3444178, at *7 n.5 (W.D. Pa. Aug. 8, 2011) (observing that, while the term "factual predicate of the claim" is used in place of "facts supporting the claim" in Section 2244(d)(1)(D), the state-habeas analogue to Section 2255(f)(4), courts do "not distinguish between the provisions").

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[, but t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese*, 483 F.3d at 214; *Rivas*, 687 F.3d at 535)).

The vital fact underlying Frazier's first claim is the imposition of the conditions of parole he now challenges, conditions he knew about in October 2012, when he was released to parole. *See, e.g., Sifuentes*, 2017 WL 2063010, at *1 ("[A]t the latest, Petitioner could have discovered the factual predicate of his first claim – challenging

-5-

the imposition of certain special conditions on his parole in 2005 – by September 13, 2005, the date he was released on parole and the conditions went into effect. Similarly, Petitioner could have discovered the factual predicate of his related claim – challenging the imposition of certain special conditions on his parole sometime in 2009 – at the time these conditions went into effect.").

Indeed, Frazier filed a state habeas application challenging his sex-offender registration status no sooner than October 31, 2012, *see* Dkt. No. 15-1 at 88, and the CCA denied that petition without written order on January 23, 2013, *see Ex parte Frazier*, WR-06,344-20 (Tex. Crim. App. Jan. 23, 2013); Dkt. No. 15-at at 67.

Thus, this claim – filed more than four years after the CCA denied relief – is untimely by more than three years unless equitable tolling applies. But Frazier has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649.

For these reasons, his first claim is time-barred.

II.     <u>The Board's application of Rule 2</u>.

Frazier next claims that the Texas Board of Pardons and Paroles (the "BPP") unconstitutionally applied its Rule 2 when the BPP refused to lift Frazier's parole hold following his arrest on a pre-revocation warrant. *See* Dkt. No. 3 at 6 ("Rule #2 of [BPP

is] being applied in an unconstitutional way.... Some offenders cannot have their parole holds lifted while waiting disposition of a criminal accusation even if they had made bail. But a non [sex offender] can get their HOLDS lifted even before they have posted a bond.").

> Parole review under Texas law is committed to the discretion of the parole board and a Texas inmate has no constitutionally protected expectancy of parole; consequently, due process complaints concerning parole procedures or eligibility by Texas inmates do not raise constitutional concerns whether presented as civil rights or habeas corpus claims. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). [Frazier] also fails to state a cognizable equal protection claim because he has not shown that he is a member of a suspect class or that he has been denied a fundamental right. *See Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998).

*McElvain v. Quarterman*, Civ. A. No. H-07-1749, 2007 WL 1644035, at *1 (S.D. Tex. June 1, 2007); *see also Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998) (recognizing that sex offenders are not a protected or suspect class, and thus a prison regulation that impinges on a convicted sex offender's constitutional rights is only subject to a rational basis review); *Clarke v. Director, TDCJ-CID*, No. 4:09cv404, 2012 WL 4120450, at *4 (E.D. Tex. Aug. 15, 2012) ("[T]here is no basis for a challenge to Texas parole practices based on the Due Process Clause," as the United States Court of Appeals for the Fifth Circuit has held "that a challenge to parole review procedures which affect the duration of confinement 'might have implicated the narrow range of prisoner liberty interests remaining after *Sandin[ v. Conner*, 515 U.S. 472 (1995)]' but for the fact that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause." (quoting *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (quoting, in turn, *Orellana*, 65 F.3d at 32))), *rec. adopted*, 2012 WL 4120430 (E.D. Tex.

Sept. 19, 2012).

Frazier's second claim should therefore be denied.

## Recommendation

The Court should deny Petitioner Ivan Colbert Frazier's application for writ of habeas corpus under 28 U.S.C. § 2254.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE